UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CASE NO: 25-20246-CLC

Yosjany Mesa
        Debtor(s)

                                                    /

## TRUSTEE'S OBJECTION TO EXEMPTIONS
## AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING

Nancy K Neidich, Standing Chapter 13 Trustee, files this Objection to Exemptions as the Trustee objects to the exemption of property as stated in the debtor(s)' Schedules as being over the legal limit and/or raising a question as to the amount of the claimed exemption and therefore it does not appear that the debtors are entitled to same and therefore excessive or inappropriate exemptions should be stricken and disallowed. Objecting specifically as checked:

☑ a) **Homestead** property which:
　　　☐ is multi-family **(duplex),**
　　　☐ is not actually used as homestead and/or
　　　☑ was acquired fewer than 1215-days pre-petition and exempt in excess of amount in 11 USC 522(p).

☐ b) **Personal property** exempted over ☒ $1,000 with homestead ☐ $5,000.00 without homestead

☐ c) **Tenants By the Entireties**, evidence of joint title, copy of non-filing spouse's credit report, and motion served on all creditors stating what property is jointly held and that no creditors hold a joint claim

☐ d) **Bare Legal Title**, evidence the debtor has never contributed to the payment, maintenance, or insurance, nor used or controlled the asset. Also, evidence co-owner never intended to gift the asset (currently/future) to the debtor and that the debtor and co-owner have lived in separate addresses.

☐ e) **Vague** exemption in the amount stated, description of asset, or citation of exemption.

☐ f) **Wages,** evidence of head of family (if joint case need specific debtor) and 6 months bank statements with deposits traced to head of household's earnings.

☐ g) **Automobile** ☐exemption in excess of $5,000.00, ☐ is split between more than one automobile, or ☐ is exempted by debtor who is not on registration/title

☒ h) **Valuation Issues**: the debtor did not timely provide the Trustee with the requested valuation, including but not limited to bank statements, real property, or vehicles, See deficiency for detail.

☐ i) **Proof of IRA, Pension or 401K** qualifies under IRS code.

☐ j) Use of **improper application** of exemption: residency 522(b)(3), not eligible for exemption

☐ k) Life Insurance – plan to provide turnover language if debtor is beneficiary of policy

☐ l)

I hereby certify that a true and correct copy of the foregoing and the Notice of Hearing generated by the Clerk of the Court was served through ECF on debtor's attorney on the same day as the objection is filed with the Clerk of the Court.

Submitted by
NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
FLORIDA BAR NO.: 441856
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402